(49 App. Div. 78.)

KENNEDY v. ALLENTOWN FOUNDRY & MACHINE WORKS.

(Supreme Court, Appellate Division, Second Department.   March 20, 1900.)

MASTER AND SERVANT—INJURIES TO SERVANT—FELLOW SERVANTS.

> Plaintiff was injured while assisting in laying iron pipe in a trench, by the pipe swinging against him as it was lowered. The superintendent of the work was not present, but one of plaintiff's fellow servants was on the bank, who gave the signal to lower the pipe when all was ready. *Held*, that the master was not liable, since it did not appear that the servant who gave the signal was performing a duty which belonged to the master, or that plaintiff did not know what results were to be anticipated from the lowering of the pipe.

Appeal from trial term.

Action by Michael Kennedy against the Allentown Foundry & Machine Works. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

James C. Church, for appellant.

John M. Ward, for respondent.

WOODWARD, J.   The defendant, a foreign corporation, was engaged in completing a piece of contract work in the borough of Brooklyn, which necessitated the laying of iron pipes in a trench. The plaintiff was engaged in helping to lay these pipes. The work was nearly completed. The last section of pipe, which was to extend through the foundation wall of a building, was being put into place. A rope was attached to the pipe, and laborers inside of the building were to pull upon this rope when those outside were ready. The superintendent of the work was not present, but a person known as "Johnny" was upon the bank of the trench giving directions, and the plaintiff was directed to go down into the trench to place a block under the end of the pipe when it was lowered, to prevent it from sinking into the earth. Two other employés were in the trench, but for what purpose the evidence does not disclose. When all were ready, Johnny called, "Go ahead," and the rope was pulled. The pipe was moved, and swung around in such a manner as to strike the plaintiff's legs, causing the injury which is the foundation of this action.

The complaint was dismissed, at the close of plaintiff's evidence, upon the ground that the plaintiff had failed to prove the cause of action alleged in the complaint; "that they have failed to prove the negligence of the defendant; that they have failed to prove freedom from contributory negligence on the part of the plaintiff; and especially upon the ground that any injury shown here is the result of the negligence of a co-employé. Under the New York rule, this man

Johnny, taking their own version of it, was not the alter ego of the defendant in this case." The defendant owed the plaintiff the duty of providing a reasonably safe place in which to work, proper appliances to work with, and to exercise reasonable care in selecting and employing workmen who were to labor with the plaintiff. Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021. There is no evidence in this case that the defendant failed in the discharge of any of these duties, and it does not appear that the man Johnny was engaged in the performance of any duty which belonged to the master. He was merely doing his part of the work in putting this particular piece of pipe into position, and the accident resulted from the negligence, if negligence it was, of co-employés, for which the master cannot be held liable under the law of this state. More than this, the dangers to which the plaintiff was exposed in this work were both known and obvious. He had as good an opportunity to know what results were to be anticipated from the pulling of the rope and the moving of the pipe as Johnny, and he cannot recover in this action. The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.